# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRUCE PAULEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1170**  (BOR Appeal No. 2048351)
(Claim No. 2009068220)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Bruce Pauley, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingston Mining, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2013, in which the Board affirmed an April 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 28, 2011, decision granting Mr. Pauley a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pauley worked as a roof bolter for Kingston Mining, Inc. On November 7, 2008, he sustained an injury to his right hip and back while working underground. The claim was held compensable for back contusion and contusion of the hip. Mr. Pauley filed an application requesting permanent partial disability. The claims administrator granted Mr. Pauley a 5% permanent partial disability award for his lumbar spine for the November 7, 2008, injury based on the initial report of Prasadarao B. Mukkamala, M.D.

1

Three independent medical evaluations were performed to determine the amount of permanent impairment that Mr. Pauley sustained. The first evaluation was performed by Dr. Mukkamala who concluded that Mr. Pauley was not entitled to any additional impairment over the 5% that he previously recommended in his initial report. The second independent medical evaluation was performed by Bruce A. Guberman, M.D. He recommended Mr. Pauley receive an additional 3% award over the 5% previously granted. The final independent medical evaluation was performed by Marsha Lee Bailey, M.D. She concluded that he has 5% impairment inclusive of all work-related claims and injuries to date involving the lower back.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Pauley was entitled to a 5% permanent partial disability award for his compensable injury of November 7, 2008. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Pauley disagrees and asserts that the opinion of Dr. Guberman is most reliable and that he clearly identified an 8% whole person impairment for the compensable injury of November 7, 2008. Kingston Mining, Inc., maintains that the record clearly states that at least two physicians found Mr. Pauley's impairment to be no more than 5%. Kingston Mining, Inc., further maintains that Mr. Pauley is entitled to 0% additional impairment based upon the reports of Dr. Mukkamala and Dr. Bailey.

The Office of Judges considered the three independent medical evaluations performed by Dr. Mukkamala, Dr. Guberman, and Dr. Bailey. Dr. Mukkamala found 8% whole person impairment for the lumbar spine and apportioned 5% impairment to this compensable injury and 3% to a separate 2011 injury. Dr. Guberman then found Mr. Pauley has a total of 8% impairment for the lumbar spine for this injury. Because the claims administrator had already granted a prior 5% award in this claim, Dr. Guberman recommended an additional 3% permanent partial disability award for this injury. Dr. Bailey found Mr. Pauley has 5% impairment for all work-related claims and injuries to date involving the lower back. She further stated that any prior awards should be subtracted from this recommendation.

The Office of Judges found that all three physicians examined Mr. Pauley for back sprain as was stated in their reports. The Office of Judges noted that this claim was held compensable for contusion of the back and contusion of the hip and not for a back sprain. The Office of Judges concluded that a preponderance of the evidence supports the conclusion that Mr. Pauley has no more than 5% permanent partial disability with regard to the November 7, 2008, injury.

This Court agrees with the conclusion of the Office of Judges. Dr. Mukkamala listed lumbar sprain as a diagnosis because he was evaluating Mr. Pauley for this injury and the 2011 injury, which has a compensable diagnosis of lumbar sprain. Dr. Guberman and Dr. Bailey also were evaluating Mr. Pauley for both compensable injuries. However, these physicians separated their impairment ratings for this injury from the 2011 injury. Dr. Mukkamala found 5% impairment for Mr. Pauley's 2008 lumbar injury and concluded that Mr. Pauley was not entitled to any additional award over the 5% the claims administrator granted in this claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3